IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TAMMIE G. BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 5:09-cv-01811-JEO |
| ) | |
| MAPCO EXPRESS, INC., d/b/a ) | |
| FAVORITE MARKETS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the court is the plaintiff's "Motion to Remand." (Doc. 6). The matter has been briefed by the parties and is appropriate for resolution at this juncture. Upon consideration, the court finds that the motion is due to be denied.

**I.   BACKGROUND**

The plaintiff filed this action in the Circuit Court of Madison County, on August 18, 2009, alleging state law claims. On September 10, 2009, the defendants removed the case premised upon diversity jurisdiction. (Doc. 1). The plaintiff filed her "Motion to Remand" on October 6, 2009. (Doc. 6). The defendant filed its opposition to the plaintiff's motion in which it argues that the plaintiff's settlement demand letter demonstrates that she is seeking damages in excess of $75, 000.00. (Doc. 8).

**II.   STANDARD OF REVIEW**

Because federal courts are courts of limited jurisdiction, the defendant carries the burden of showing the propriety of this court's removal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 520 U.S. 1162 (1997). Any ambiguities are to be construed

against removal because the removal statute should be strictly construed in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 165 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

The court in *Temploy, Inc. v. National Council on Comp. Ins.*, 2009 WL 1097807 (S.D. Ala. April 21, 2009), noted additional applicable legal principles as follows:

> Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332. However, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional amount." *Tapscott*[ *v. MS Dealer Service Corp.*], 77 F.3d [1353] at 1357 [11th Cir. 1996)]. "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citations omitted). *See also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287, n. 4 (11th Cir. 1998); *Tapscott*, 77 F.2d at 1356.[ ] *See also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). "Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists. Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it." *Lowery*, 483 F.3d at 1217. "The removing defendant[s] must establish the amount in controversy by '[t]he greater weight of the evidence ... [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" *Id.* at 1209 (citations omitted). Therefore, the burden rests with the defendant to establish complete diversity-that the plaintiff is diverse from the defendant, and that by a preponderance of the evidence, the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *Id. See also Triggs*, 154 F.3d at 1287; *Tapscott*, 77 F.3d at 1357.

*Temploy*, 2009 WL 1097807 at *2 (footnote omitted).

Where removal is premised upon a document other than the filing of the initial complaint,

as it is in this case, the second paragraph of 28 U.S.C. § 1446(b) controls.[1]  Specifically,

> a case becomes removable when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper," which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can "first ascertain" that federal jurisdiction exists. § 1446(b).  Under either paragraph [of § 1446], the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.  *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (holding that grounds must be "unequivocally clear and certain"); *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999) (same).

*Lowery*, 483 F.3d at 1213 n.63.  In the cases invoking the second paragraph of § 1446(b) some "amended pleading, motion, order, or other paper" must establish the requisite jurisdiction.  The Eleventh Circuit has stated that

> [t]he first three items on this list are self-explanatory.  What constitutes "other paper," however, has been developed judicially.  Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify.  They include: responses to request for admissions, *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989); settlement offers, *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); interrogatory responses, *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998); deposition testimony, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); demand letters, *Williams v. Safeco Ins. Co.*, 74 F. Supp. 2d 925, 929 (W.D.Mo. 1999); and email estimating damages, *Callahan v. Countrywide Home Loans, Inc.*, No. 3:06-105, 2006 WL 1776747, at *3-*4 (N.D. Fla. June 26, 2006).

---

[1] 28 U.S.C. § 1446(b) provides:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]

*Lowery*, 483 F.3d at 1213 n.62.

The plaintiff herein contends that the defendant's assertion of jurisdiction premised on the settlement demand letter is not supported by applicable law. (Doc. 6 at ¶ 5). In support of this contention, she cites to *Constant v. International House of Pancakes*, 487 F. Supp. 2d 1308 (N.D. Ala. 2007), "finding that 'the mere existence of a settlement demand is not dispositive on the issue of the jurisdictional amount," and *Jackson v. Select Portfolio Servicing, Inc.*, 2009 WL 2385084 (S. D. Ala. 2009), granting a motion to remand because the court found that a plaintiff's settlement demand of $155,000 alone did not satisfied the amount in controversy requirement. (Doc. 6 at ¶ 5). The defendant retorts that the plaintiff's "*clear and unambiguous* settlement demand in the amount of $175,000 ...," coupled with her demand "for punitive damages and damages for medical expenses; physical pain and suffering; mental anguish; permanent injuries and disabilities; disfigurement; lost wages; and loss of earning capacity is more than adequate to demonstrate" the amount necessary for diversity jurisdiction. (Doc. 8 at p. 4 (italics in original)). The defendant relies on *Tolbert v. MJM Investigations*, 1997 U.S. Dist. LEXIS 12454 (S.D. Ala. 1997) and *Golden Apple Management Co., Inc. v. GEAC Computers, Inc.*, 990 F. Supp. 1364 (M.D. Ala. 1998).

In *Constant*, the plaintiff filed a slip-and-fall negligence action in state court that was removed to federal court via diversity jurisdiction premised, in part, on a settlement demand letter from the plaintiff's counsel in the amount of $75,000.[2] The initial complaint in the case did not contain an *ad damnum* clause. The plaintiff filed a motion to remand. In granting the motion

---

[2]The notice of removal also included a litany of "eye-popping examples of jury verdicts in Alabama in amounts far exceeding $75,000 in slip-and-fall cases." *Constant*, 487 F. Supp. 2d at 1309.

due to the defendant's failure to meet its burden of proving by a preponderance of the evidence that the claim exceeds $75,000, the court stated that the plaintiff's demand letter "conscientiously stayed under the jurisdictional amount." *Constant*, 487 F. Supp. 2d at 1313. The court further stated:

> .... Who is to say that Constant's lawyer was not giving his honest assessment of the value of his client's case? This court is unwilling possibly to misjudge Constant's intent, especially under the constraints of *Lowery* and the overarching principle of limited federal jurisdiction. The court is not a mind reader. As explained in *Lowery*, it cannot indulge in speculation. It is, of course, not always easy to draw the line between deduction and speculation. Juries are routinely instructed that they are obligated to make this distinction. Deduction is allowed, even encouraged. Speculation is unreliable, even dangerous. Constant's demand letter was like any unsuccessful sales pitch. It did not obtain the result it sought, namely, IHOP's acceptance of the $75,000 offer, by which IHOP would have agreed with Constant that her claim is worth $75,000, which is less than the jurisdictional amount. If the court were going to speculate, it could just as easily speculate that IHOP believes Constant's claim to be worth less than $75,000 as to speculate that Constant believes it to be worth more than $75,000. The court is left with speculation as the only means by which it could conclude that the amount in controversy exceeds $75,000 in value.

*Id*.

In *Jackson*, the plaintiffs filed negligence, breach of mortgage, and wantonness and willfulness claims in state court. The defendants removed the case to federal court on diversity grounds. The plaintiffs filed a motion to remand. The court found that the motion was due to be granted. It stated that a "bald" settlement demand of $155,000.00 was insufficient to meet the amount in controversy requirement. *Id*., 2009 WL 2385084, *1. As noted by the defendant in this case, the *Jackson* court made it clear that diversity jurisdiction questions involve a very case specific determination. That court stated:

> .... The question is whether this specific settlement demand, given all the evidence presented, established by a preponderance of that evidence that the

>amount in controversy exceeds $75,000.  At bottom, the defendants insist that the plaintiffs' demand of $155,000 must meet this standard simply because the demand was made.  The proper assessment of settlement offers is not so facile.
>
>>"While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Insurance Co*., 31 F.3d 1092, 1097 (11th Cir. 1994).  What it counts for, however, depends on the circumstances.  Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.[ ]  On the other hand, settlement offers that provide "specific information ... to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.  *Golden Apple Management Co. v. GEAC Computers, Inc*., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998).[ ]  The Court has adopted this as the correct analysis,[ ] and it is consistent with that used by the Magistrate Judge.[ ]

*Jackson*,  2009 WL 2385084 *1 (footnotes omitted).

In *Tolbert*, the plaintiff filed privacy and outrage claims in state court.  The case was removed to federal court.  In finding that the plaintiff's motion to remand was due to be denied, the court determined that settlement discussions and statements by the plaintiff's counsel were adequate to demonstrate that the jurisdictional amount was satisfied.[3]  *Id*., 1997 U.S. Dist. LEXIS 12454.

In *Golden Apple Management Co*., the plaintiff brought Alabama Extended Manufacturer's Liability Doctrine, negligence, and fraud and suppression claims against the defendant in connection with the purchase of computer program software.  The case was removed to federal court and the plaintiff moved to remand the same to state court, alleging that the removal was untimely because the defendant requested and received a settlement demand letter from the plaintiff "with 'particulars' about the damages claimed."  *Id*. at 1366.  In

---

[3]The evidence included affidavits of settlement negotiations between counsel in the case and in another case involving a similarly situated plaintiff and the same plaintiff's counsel.  *Tolbert*, 1997 U.S. Dist LEXIS 12454 at *8.  Additionally, the plaintiff's counsel did not challenge the veracity of the statements.  *Id*. at *9.

determining that the demand letter constituted "'other paper' from which it may be ascertained that an action is removable," the court stated:

> This court finds that the more compelling consideration that should dictate whether a settlement negotiation letter should be considered "other paper" from which removability should have been ascertained is whether, under the circumstance of the case, the settlement letter includes the facts that are necessary to support removal.... While such an approach does not lend itself to a hard fast rule and requires case by case analysis, this court finds that this is the only reasonable means to balance the defendant's obligation to remove an action as early as possible with the plaintiff's practice of drafting a pleading that, on its face, does not state facts that support federal jurisdiction....
>
> At the onset, it is important to note that the relief requested in the complaint is stated in minimal terms solely to establish circuit court jurisdiction.[] Therefore, although the face of the complaint does not allege damages to satisfy the minimum requirement for federal jurisdiction, Geac is sufficiently on notice that this is an area for inquiry.... In lieu of filing a response to the complaint and pursuing discovery, Geac sought to engage in settlement negotiations and, therefore, requested that plaintiff provide "particulars of the actual amount" of damages claimed.... In response to that request, the June 6, 1997 settlement negotiation letter that plaintiff sent to Geac's associate counsel advises that the damages that it could "readily attribute to the defective condition of the Geac software" include Geac software costs, consultant costs and personnel costs which amount to $105,432.... Given the specific information that the letter provides to support its claim for damages, it is apparent that plaintiff was offering a reasonable assessment of the value of its claim.[ ] .... In addition to the specificity of the settlement negotiation letter thereby making the amount of damages sought easily ascertainable, the court finds particularly relevant the fact that the settlement negotiation letter was sought by Geac in lieu of using available discovery. A defendant cannot forgo one recognized means of obtaining information related to jurisdiction for another and then argue that the manner in which the information was provided, which was in compliance with defendant's request, precludes imputing knowledge of the information to the defendant.... Such manipulation would provide a windfall for the defendant which is clearly contravened by the removal statute's emphasis on effecting removal as soon as possible. If Geac had not requested "particulars of the actual amount claimed by [*Golden Apple*]," and had plaintiff's response not been so specific, this court's ruling might be different.... However, under the circumstances of this case, the court finds that it is not unreasonable to expect that Geac should have ascertained from the settlement letter that the amount in controversy exceeded the minimum requirement for federal court jurisdiction and should have removed the action

accordingly.[ ]

*Id*. at 1367-69 (citations and footnotes omitted).

In resolving the jurisdictional question in this case, the court finds that the pre-suit demand letter from the plaintiff should be considered by the undersigned. *See Free v. Baker*, 2009 WL 1748244 (M.D. Ala. 2009) (holding that "[f]or purposes of ascertaining the amount in controversy, consideration of the pre-suit demand letter is permitted by *Lowery*"). The next issue is the weight to be given the same.

The settlement demand letter in this case is very specific. It includes a detailed recitation of the pertinent facts surrounding the events that purportedly caused the plaintiff's injuries, the particulars of her injuries; the medical care rendered immediately after the injuries until the date of the letter, including her surgery and rehabilitation; and her then existing condition. The letter also includes supporting documentation.[4] It concludes with a demand for "$175,000.00 or the policy limits, whichever is less" and the admonition that if a judgment is ultimately rendered in excess of the policy limits, the plaintiff would "look to [the] insured's personal assets to satisfy the judgment." (Doc. 1 at p. 15).[5]

The relevant question at this juncture is whether this settlement letter is sufficient for this court to reasonably conclude that the plaintiff's claim exceeds the jurisdictional minimum. As noted above, this is a very specific, case-by-case consideration. In this instance, the court finds that the letter is sufficient. The demand letter is specific and supported by detailed facts. Premised on this court's experience and common sense, it finds that the jurisdictional amount is

---

[4] Although the letter references a "settlement brochure" and supporting documents concerning the plaintiff's injuries, they are not a part of the court's record in this case.

[5] As best the court can discern, the $175,000.00 figure is the lesser amount.

satisfied. *See Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995 (M.D. Ala. 2009) ("Nothing in *Lowery* says a district court must suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount."). Although the holdings in *Jackson* and *Constant* are instructive, the cases are not dispositive. In fact, they are factually distinguishable for various reasons. For example, in *Constant*, the demand did not exceed the jurisdictional amount. Further, there is no indication it included the specificity that the demand letter in this case includes  With regard to *Jackson*, it is distinguishable premised on two salient points. First, the demand was properly characterized as a "bald demand," that is, one "without the slightest suggestion how in the world the plaintiffs could support such a figure." *Id.*, 2009 WL 2385084 at * 1. Second, the plaintiffs' counsel submitted an affidavit in that case demonstrating that "he repeatedly advised the defendants and their counsel that he had inadequate information to make a realistic settlement demand and that he was throwing out a figure only to stake out a settlement posture and to see if the defendants were serious about their suggestion of mediation...." *Id*.

### III. CONCLUSION AND ORDER

Premised on the foregoing, the court finds that the amount in controversy is greater than the jurisdictional minimum. Accordingly, the court further finds that the motion to remand (doc. 6) is due to be denied. An appropriate order will be entered.

**DONE,** this the 8th day of December, 2009.

_____
**JOHN E. OTT**
United States Magistrate Judge